NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0354n.06
Filed: June 19, 2008

Case No. 07-3865

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SANJAY M. PATEL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **BOARD OF IMMIGRATION** |
| | ) | **APPEALS** |
| MICHAEL B. MUKASEY, Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: NORRIS, BATCHELDER, and GIBBONS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Petitioner-Appellant Sanjay M. Patel ("Patel")

seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration

Judges' ("IJ") denials of Patel's requests for adjustment of status, asylum, withholding of removal.

Because we conclude that the second IJ denied Patel's request for adjustment of status as a matter

of discretion, we dismiss for lack of jurisdiction the petition for review as to that decision.

Furthermore, because we find that the first IJ's conclusion that Patel is not credible is supported by

substantial evidence, we deny review and **AFFIRM** the denial of his asylum application and request

for withholding of removal.

**I. BACKGROUND**

Patel, a native and citizen of India, entered the United States legally on July 14, 1990, on a

nonimmigrant visa with authorization to stay until January 13, 1991. But Patel did not depart by the

required date, and on December 9, 1996, he filed an application for asylum and withholding of removal with the Immigration and Naturalization Service. Appearing before an IJ ("First IJ") on July 22, 1997, Patel conceded removability but sought asylum and withholding of removal.

On January 28, 1998, the First IJ denied Patel's applications for asylum and withholding of removal, concluding "with strong certitude that [Patel]" was not being straightforward, and was not credible. Because the IJ found Patel not credible, she held that Patel did not meet his burden of establishing past persecution or a well-founded fear of future persecution. Patel appealed that decision. While his appeal was pending, Patel got married and filed a motion to reopen his immigration proceedings to seek an adjustment of status under 8 U.S.C. § 1255.

The BIA determined that Patel had established a prima facie case of eligibility for adjustment of status and remanded the case to a different IJ ("Second IJ") to consider whether Patel warranted the agency's exercising its discretion to adjust his status. On December 23, 2005, the Second IJ, also relying on Patel's lack of candor and credibility — including his admission that he lied under oath in proceedings before the First IJ — determined that Patel was not a person of good moral character and that he did not merit the Second IJ's exercising her discretion to grant his application for adjustment of status. The BIA affirmed both that decision and the decision of the First IJ that Patel did not meet his burden of showing eligibility for asylum or entitlement to withholding of removal. Patel then timely petitioned this court for review.

## II. STANDARD OF REVIEW

When "the [BIA] adopts the decision of the IJ in lieu of issuing its own opinion, we review the IJ's decision as the final agency decision." *Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003); *see also* 8 C.F.R. § 1003.1(e)(4)(ii). Because the BIA made additional comments regarding Patel's

2

application for adjustment of status, we will directly review the decisions of both IJs while considering the additional comments of the BIA. *See Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005).

### III.  ANALYSIS

#### A.  Adjustment of Status

First, Patel argues that the Second IJ made several legal errors in denying his application for adjustment of status:  she relied on the First IJ's adverse credibility finding as a negative factor; she failed to consider all the positive factors; and she discounted certain equities that accrued after the First IJ ordered Patel deported.  We do not have jurisdiction to review an IJ's discretionary judgment to deny a petitioner an adjustment of status based on the petitioner's conduct.  8 U.S.C. § 1252(a)(2)(B)(i); *see also Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 710-11 (6th Cir. 2004); *Singh v. Gonzales*, 468 F.3d 135, 137-38 (2d Cir. 2006).  But we may review non-discretionary determinations that underlie discretionary decisions.  *Billege-Tolosa*, 385 F.3d at 711.

Deciding on an adjustment of status is a two-step process "involving, first, proof of an alien's statutory eligibility for the adjustment, and second, an exercise of discretion by the attorney general as to whether to grant relief."  *Singh*, 468 F.3d at 138.  The BIA determined that Patel was eligible for adjustment of status and remanded the case; the Second IJ found that Patel did "not merit the exercise of [her] discretion."  The BIA then affirmed the Second IJ's "assessment that [Patel's] request is correctly denied in the exercise of discretion."

Patel contends that he is not appealing the Second IJ's decision not to exercise discretion, but he is appealing the legal errors — her conclusions that he was not credible and not of good moral character — the IJ made in the course of deciding not to exercise her discretion.  This argument has

3

no merit. First, the Second IJ found Patel not credible based not only on the First IJ's findings, but also on Patel's failure to tell the truth on his application for adjustment of status. Put bluntly, Patel lied repeatedly. Next, the Second IJ did consider the positive factors but decided, in her discretion, that they did not outweigh the negative factors. Finally, Patel's contention that the Second IJ's discounting of equities was a legal error is meritless. Because we find that the Second IJ did not commit any legal errors and that Patel is in fact challenging a discretionary decision, we conclude that — under 8 U.S.C. § 1252(a)(2)(B)(i) — we do not have jurisdiction to consider the merits of this claim.

## B. Asylum

Patel next argues that the First IJ's decision that he did not establish eligibility for asylum is not supported by substantial evidence. An IJ considering a request for asylum must make a two-step inquiry, deciding: (1) whether the applicant qualifies as a refugee as defined in 8 U.S.C. § 1101(a)(42); and (2) if so, whether the applicant merits the IJ's exercising discretion on his or her behalf. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (citing *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003)). We use the substantial evidence test to review an IJ's findings concerning whether an alien qualifies as a refugee. *Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004). Furthermore, an IJ's credibility determinations are considered findings of fact, which we also review using the substantial evidence test. *Yu*, 364 F.3d at 703. An IJ's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Consequently, we may not reverse the IJ's findings simply because we would have decided the matter differently, *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998); we may reverse only if

we determine that no reasonable fact finder could have come to the IJ's conclusion, *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84.

A refugee is defined as "an alien who is unable or unwilling to return to his country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* at 481 (quoting 8 U.S.C. § 1101(a)(42)(A)). An applicant for asylum, therefore, must prove "that he has suffered past persecution or has a well-founded fear of future persecution." *Yu*, 364 F.3d at 703; *see also Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir. 1994). Because a petitioner's testimony, if credible, may be sufficient to meet his burden of proof without corroboration, 8 C.F.R. §§ 208.13(a), 208.16(b), "a credibility determination forms the initial consideration in an IJ's asylum claims analysis," *Mapouya v. Gonzales*, 487 F.3d 396, 406 (6th Cir. 2007).

Patel claimed that he and his family were persecuted because they were influential members of the Indian Congress Party and that he suffered several beatings at the hands of members of an opposing party, the BJP. But Patel's testimony contained many discrepancies that led the First IJ to find that Patel was not credible: Patel claimed he performed some functions for the Congress Party for the 1991 elections, but admitted that he was already in the United States during that time period; he claimed that he supported a specific candidate and the Congress Party, but he could not articulate the candidate's positions nor could he explain the platform or goals of the Congress Party; his testimony about the beatings he claimed to have suffered was vague and he offered no supporting documentation of supposed hospital visits, including one for a fractured leg; he gave inconsistent statements and could not provide sufficient detail about an alleged incident in which a gang of men ransacked his home and sexually assaulted his mother; he omitted from his application for asylum

5

the alleged murder of his cousin at the hands of the BJP because he thought it was "not important"; he did not attempt to have his family in India, with whom he remained in contact, verify any of his claims; and his written application for asylum suggests many encounters with police, yet he testified — vaguely — about only one incident. Additionally, there were several other inconsistencies and half-truths regarding other aspects of Patel's testimony that do not impact directly his claims of persecution.

We afford substantial deference to an adverse credibility finding on issues that go to the heart of the asylum applicant's claims. *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004). The contradictions and embellishments the first IJ noted in Patel's testimony are clearly not mere "minor inconsistencies," but are material to Patel's claim in that the embellishments enhance his assertions of persecution. *See Daneshvar v. Ashcroft*, 355 F.3d 615, 623 (6th Cir. 2004). Moreover, as the First IJ pointed out, the State Department reports indicate that it is the Congress Party that holds power over the BJP, not vice versa. Our review of the record persuades us that substantial evidence supports the First IJ's determination that Patel was not credible and did not meet his burden of proving he is a refugee under 8 U.S.C. § 1101(a)(42), and Patel points to no evidence that would compel a contrary conclusion.

## C. Withholding of Removal

Finally, Patel argues that the First IJ's conclusion that he is not entitled to withholding of removal is not supported by substantial evidence. An applicant seeking withholding of removal must meet a more stringent burden of proof than must an applicant for asylum. *Mikhailevitch*, 146 F.3d at 391 (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431-32 (1987)). In order to qualify for withholding of removal, Patel must establish that there is a clear probability that he will be subjected

to persecution should he return to India. *Id.* The First IJ concluded that because Patel failed to demonstrate eligibility for asylum he could not meet the higher standard of proof for withholding of removal. Because we determine that substantial evidence supports the conclusion that Patel is ineligible for asylum, we hold that *a fortiori* Patel is not entitled to withholding of removal.

## IV.  CONCLUSION

For the foregoing reasons, we deny the petition for review and **AFFIRM** the decision of the First IJ that Patel failed to establish eligibility for asylum and entitlement to withholding of removal, and we dismiss for lack of jurisdiction the petition for review of the Second IJ's decision not to exercise her discretion to adjust his status.